UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at Pikeville)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal Action No. 7: 03-21(01)-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| ANTHONY T. POTTER, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Defendant Anthony T. Potter is currently serving a term of imprisonment of 225 months.  [Record No. 36]  On October 2, 2015, Potter moved the Court for a two-level reduction to his earlier guideline calculation under 18 U.S.C. § 3582(c)(2) and recent amendments to the United States Sentencing Guidelines.  [Record No. 66]  Potter's motion will be denied because he was sentenced as an Armed Career Criminal.  As a result, his guideline range is unaffected by the amendments.

Potter was charged in a five-count Indictment stemming from his involvement in a drug-trafficking scheme.  [Record No. 3]  Potter did not proceed to trial.  Instead, pursuant to a plea agreement with the United States, he admitted the following facts:

(a) That on or about June 21, 2002, in Letcher County, Kentucky in the Eastern District of Kentucky, the defendants, Nancy Potter and Anthony Potter sold 57.566 grams of a mixture or substance containing cocaine, a schedule II controlled substance to a cooperating witness for the price of $3,200.00.  The buy was audio taped and witnessed by the the Kentucky State Police (KSP).

During the transaction, the defendant, Anthony Potter, encouraged the cooperating witness to purchase more drugs from the defendants.

(b) That on or about July 2, 2002, in Letcher County, Kentucky in the Eastern District of Kentucky, a search of the defendants, Nancy Potter and Anthony Potter's residence produced an additional 146.798 grams of a mixture or substance containing cocaine, a schedule II controlled substance, and 1.02 grams of actual methamphetamine, a schedule I controlled substance. In addition, officers recovered a Davis Industries .380 caliber handgun under the sofa with the wallet of the defendant, Anthony Potter being the same residence where drug transactions had taken place. Both defendants were present at the time of the search. The defendant, Anthony Potter, has been convicted of three prior violent felonies including aggravated assault in the State of Tennessee committed on October 25, 1999 and convicted on April 18, 2000, burglary in the State of Georgia committed on February 18, 1999, and violence to a police officer by force in the State of Georgia committed on February 21, 1999 both resulting convictions on October 1, 1999. The firearm was manufactured outside of the State of Kentucky.

(c) A total of 204.458 grams of cocaine and 5.599 grams of a mixture containing 1.02 grams of actual methamphetamine was recovered from the defendant, Anthony Potter on the above dates and was tested by the Kentucky State Police Crime Lab.

[Record No. 34, pp. 2–3]

On September 8, 2003, the defendant pleaded guilty to two counts of distributing cocaine and one count of possessing methamphetamine with intent to distribute in violation of 21 U.S.C. § 841(a)(1). [Record No. 25] He also pleaded guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). [*Id.*]

Potter qualified as an Armed Career Criminal under 18 U.S.C. § 924(e). The offense level for an Armed Career Criminal is the greatest of:

(1)        the offense level applicable from Chapters Two and Three; or

(2)        the offense level from §4B1.1 (Career Offender) if applicable; or

(3)        (A) **34**, if the defendant used or possessed the firearm or ammunition in connection with either a crime of violence, as defined in §4B1.2(a), or a controlled substance offense, as defined in §4B1.2(b), or if the firearm possessed by the defendant was of a type described in 26 U.S.C. § 5845(a)*; or

(B) 33, otherwise.*

U.S.S.G. § 4B1.4(b).  Based on the foregoing,[1] Potter's Base Offense Level under U.S.S.G. § 4B1.4(b)(3)(A) was 34.  [Presentence Investigation Report, "PSR," p. 14]  Potter qualified for a three-level adjustment due to his acceptance of responsibility, thus, his Adjusted Offense Level was 31.  [*Id.*]  With a Criminal History Category of VI, Potter's guideline range was 188 to 235 months.  This conviction also carried a mandatory statutory term of 180 months.

Title 18 U.S.C. § 3582(c) prohibits the Court from modifying a term of imprisonment once it has been imposed except under very limited circumstances, none of which are applicable to Potter's case.  Section 3582(c)(2) only gives the Court authority to reduce a sentence of a defendant "who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission," as long as the reduction is consistent with the applicable policy statements issued by the Commission.  The recent amendments reduce the base offense level within the drug quantity table found in U.S.S.G. § 2D1.1(c).

---

1        Potter possessed two weapons in connection with the controlled substance offenses in this matter. [PSR, p. 14]

- 3 -

However, Potter was sentenced as an Armed Career Criminal under U.S.S.G. § 4B1.4.  His guideline range was not based on the drug quantity table and, therefore, the recent amendments do not apply to his sentence.  *See, e.g.*, *United States v. Wherry*, 518 F. App'x 434, 437–38 (6th Cir. 2013) (rejecting the argument that Amendment 750 applies to career offenders).  Thus, his non-binding guideline range remains unchanged and 18 U.S.C. § 3582(c) is inapplicable.  Accordingly, it is hereby

**ORDERED** that Defendant Anthony T. Potter's motion to reduce his sentence under 18 U.S.C. § 3582(c)(2) [Record No. 66] is **DENIED**.

This 5th day of October, 2015.

Signed By:

*Danny C. Reeves*   DCR

**United States District Judge**

- 4 -