UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at Pikeville)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal Action No. 7: 03-21-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| ANTHONY T. POTTER, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant. | ) | |

*** *** *** ***

Defendant Anthony T. Potter has filed a motion for appointment of counsel. [Record No. 68] The motion will be denied.

Potter is currently serving a term of imprisonment of 225 months. [Record No. 36] Potter was sentenced on December 15, 2003. He did not file a direct appeal. However, on July 15, 2013, Potter moved the Court to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. [Record No. 58] Through that motion, Potter argued that recent authority from the United States Supreme Court indicated that he was no longer subject to the enhanced penalty provisions of the Armed Career Criminal Act. This motion was denied as untimely on July 31, 2013. [Record No. 59]

On October 5, 2015, Potter moved the Court for a two-level reduction to his earlier guideline calculation under 18 U.S.C. § 3582(c)(2) and recent amendments to the United States Sentencing Guidelines. [Record No. 66] That motion was denied because Potter was

- 1 -

sentenced as an Armed Career Criminal and, therefore, not eligible for a sentence reduction under the recent guideline amendments. [Record No. 67]

On this date, Potter has filed a motion for appointment of counsel. [Record No. 68] Potter seeks to have counsel appointed to challenge his conviction under the Supreme Court's recent decision in *Johnson v. United States*, ___ U.S. ___, 135 S. Ct. 2857 (2015). The Court notes, however, that the United States Constitution does not provide a right to counsel in habeas proceedings. *See Abdus-Samad v. Bell*, 420 F.3d 614, 632 (6th Cir. 2005). For most motions seeking habeas relief, requests for appointment of counsel should be considered under 18 U.S.C. § 3006A. *See* 28 U.S.C. § 2255(g). Ultimately, however, the decision to appoint counsel rests within the sound discretion of the Court, based on the interests of justice and due process. *See* 18 U.S.C. § 3006A(a)(2)(B). Counsel should be appointed "if given the difficulty of the case and the litigant's ability, [he] could not obtain a lawyer on his own, and [he] would have a reasonable chance of winning with a lawyer at [his] side." *Forbes v. Edgar*, 112 F.3d 262, 264 (7th Cir. 1997).

Having reviewed the file of this matter, the Court does not believe that counsel should be appointed in connection with any potential motion seeking collateral relief under 28 U.S.C. § 2255. Habeas corpus is an extraordinary remedy for unusual cases. In the present case, it appears that the issues Potter might raise are clear and can be determined from the record. Further, before seeking habeas relief in this Court, Potter will be required to seek permission from the United States Court of Appeals for the Sixth Circuit to file a second or successive habeas petition. Thus, at this stage of the case, appointment of counsel would be

a waste of limited resources. Neither due process nor the best interests of justice indicate that counsel should be provided considering the issue Potter seeks to raise and in light of the procedural posture of the case. Accordingly, it is hereby

**ORDERED** that the defendant's motion for appointment of counsel [Record No. 68] is **DENIED**.

This 7th day of October, 2015.

Signed By:
*Danny C. Reeves*  DCR
United States District Judge