UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff/Respondent, | ) | No. 7:03-CR-21-DCR-REW |
| | ) | No. 7:16-CV-41-DCR-REW |
| v. | ) | |
| | ) | |
| ANTHONY T. POTTER, | ) | RECOMMENDED DISPOSITION |
| | ) | |
| Defendant/Movant. | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

Movant, Anthony T. Potter, is a federal inmate. On April 4, 2016, the Sixth Circuit granted Potter, then acting *pro se*,[1] permission to file a second or successive § 2255 motion to vacate. DE #72 (Order). That same day, the Clerk docketed Potter's second § 2255 motion. DE #73 (Motion). The Court ordered further proceedings, DE #75 (Order), the United States responded, DE #80 (Response), and the Court later ordered additional briefing on two topics. DE #81 (Order). The United States filed a responsive brief, conceding that Potter should be resentenced. DE #83 (Response); *see also* DE #86 (Supplement). In light of the developments, the Court appointed Potter counsel. DE #85 (Order). Per normal practice, the District assigned the matter to the undersigned for a recommended disposition. Due primarily to the Government's concession, and for the other reasons discussed below, the Court **RECOMMENDS** that the District Court **GRANT** DE #73 and resentence Potter.

---
[1] *Pro se* petitions receive a comparatively lenient construction by the Court. *Franklin v. Rose*, 765 F.2d 82, 84-85 (6th Cir. 1985) (noting that "allegations of a *pro se* habeas petition, 'though vague and conclusory, are entitled to a liberal construction'" including "active interpretation" toward encompassing an allegation stating "federal relief"). The Court now has appointed Potter counsel. DE #85 (Order).

1

I.  **BACKGROUND INFORMATION**

On February 25, 2003, the United States, via ATF SA Jeffrey S. Baker, filed a criminal complaint and affidavit against Potter, charging him with being a felon in possession of firearms and conspiring to possess with the intent to distribute a controlled substance, in violation of 18 U.S.C. § 922(g)(1) and 21 U.S.C. § 846. DE #1. A federal grand jury subsequently indicted Potter on five drug and firearms counts. DE #3 (Indictment). Potter pleaded guilty to Counts 4, 6, 7, and 8 on September 5, 2003. DE #25 (Rearraignment Minute Entry). Judge Reeves sentenced Potter on December 15, 2003. DE #35 (Sentencing Minute Entry). Movant received a total prison sentence of 225 months followed by 5 years of supervised release. DE #36 (Judgment). Potter did not appeal.

In 2013, Potter filed his first § 2255 motion, DE #58, which Judge Reeves denied, DE #59 (Order). In April 2016, Potter, with Circuit permission, filed a second § 2255 motion, premised on *Johnson v. United States*, 135 S. Ct. 2551 (2015). DE #73. Proceedings have developed as indicated above. The matter is ripe for review.

II.  **ANALYSIS**

Potter asserts two nominal grounds for relief: (1) "I was sentenced unjustly . . . . I was not an armed career criminal. [T]he burglary conviction should have been consider[ed] nonviolent. My burglary conviction was a nonviolent offense. Therefor[e] I did not qualify for an armed career criminal." (DE #73, at 10); and (2) "I was convicted of a 922G possession of a firearm. The 922G should have not been consider[ed] a violent offense." (DE #73, at 10). The Court of Appeals interpreted these statements to "impliedly" raise an argument "that all three of the prior convictions supporting [Potter's]

2

armed career criminal status . . . were erroneously counted as predicate offenses to enhance his sentence under the ACCA." DE #72 (Sixth Circuit Order).

Under 28 U.S.C. § 2255, a federal prisoner may obtain post-conviction relief if his sentence violates the Constitution or federal law, the federal court lacked jurisdiction to impose such sentence, or the sentence exceeds the maximum authorized by law. 28 U.S.C. § 2255(a); *Mallett v. United States*, 334 F.3d 491, 496-97 (6th Cir. 2003) ("In order to prevail upon a § 2255 motion, the movant must allege as a basis for relief: '(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid.'" (quoting *Weinberger v. United States*, 268 F.3d 346, 351 (6th Cir. 2001))). A defendant alleging a constitutional basis must establish "an error of constitutional magnitude" and show that the error had a "substantial and injurious effect or influence on the proceedings" in order to obtain § 2255 relief. *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999) (citing *Brecht v. Abrahamson*, 113 S. Ct. 1710, 1721-22 (1993)). When alleging a non-constitutional error, a defendant must prove that the error constituted a "'fundamental defect which inherently results in a complete miscarriage of justice,' or, an error so egregious that it amounts to a violation of due process." *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990) (quoting *Hill v. United States*, 82 S. Ct. 468, 471 (1968)); *see also Watson*, 165 F.3d at 488. In making a § 2255 motion, a movant generally bears the burden of proving factual assertions by a preponderance of the evidence. *McQueen v. United States*, 58 F. App'x 73, 76 (6th Cir. 2003) (*per curiam*) ("Defendants seeking to set aside their sentences pursuant to 28 U.S.C. § 2255 have the burden of sustaining their contentions by a preponderance of the evidence.").

The United States initially responded in opposition to Potter's § 2255 motion, DE #80 (Response), but after the Court ordered additional briefing on two topics,[2] DE #81 (Order), the Government "concede[d] that the Defendant's 1999 Georgia conviction for burglary does not qualify as an ACCA predicate offense because of the Supreme Court's recent decision in *Mathis*." DE #83, at 1. "In light of *Mathis*," the prosecution conceded, "the United States no longer seeks to enforce the collateral attack waiver and does not oppose resentencing." *Id.* at 3. The United States thus dropped its prior procedural defenses and acceded to the need for a new sentencing process.

*Johnson* held unconstitutional the residual clause of the Armed Career Criminal Act (ACCA) (18 U.S.C. § 924(e)(1) and its definitions). 135 S. Ct. at 2563. "*Johnson* is retroactive in cases on collateral review[.]" *Welch v. United States*, 136 S. Ct. 1257, 1268 (2016). "*Johnson*'s rationale applies with equal force to the Guidelines' residual clause" *United States v. Pawlak*, 822 F.3d 902, 907 (6th Cir. 2016). However, *Johnson*'s retroactive application to career-offender cases remains an open question. *See Beckles v. United States*, 136 S. Ct. 2510, 2510 (2016) (granting *certiorari* to address this issue). *Mathis* generally clarified the analysis to determine whether a prior offense qualifies under the ACCA's enumerated offenses clause. *See, e.g.*, 136 S. Ct. at 2257 ("Courts must ask whether the crime of conviction is the same as, or narrower than, the relevant generic offense. They may not ask whether the defendant's conduct—his particular means of committing the crime—falls within the generic definition. And that rule does not change when a statute happens to list possible alternative means of commission: Whether or not made explicit, they remain what they ever were—just the facts, which

---

[2] One topic was the effect, if any, of *Mathis v. United States*, 136 S. Ct. 2243 (2016), on Potter's relevant prior convictions.

4

ACCA (so we have held, over and over) does not care about."); *see also Sutton v. Quintana*, No. 5:16-274-KKC, 2016 WL 4595213, at *4 (E.D. Ky. Sept. 2, 2016) ("*Mathis* teaches that a criminal statute is divisible, thus permitting resort to the 'modified categorical approach' . . . only when it defines multiple criminal offenses by setting forth alternative criminal elements. In contrast, a criminal statute is indivisible when it defines only one offense, even where it sets forth alternative factual means of committing that single offense."). Potter both received an enhanced penalty under the ACCA and qualified as a career offender. DE #70 (PIR) (noting the "Armed Career Criminal Enhancement" and that Potter "has been identified as both a career offender . . . and an armed career offender").

In light of the United States's concession that the Court should resentence Potter, and due to other factors, the Court here recommends granting the § 2255 motion and scheduling resentencing. Particularly, apart from the concession, the Court sees the residual clause(s) of the ACCA and/or the career offender Guideline as possibly having played a role in Potter's sentence. The issue is unclear; Defendant did not object to the presentence report, DE #35 (Sentencing Minutes), and the PIR unhelpfully categorizes the three at-issue predicates as "crimes of violence in reference to § 4B1.2(a)(1) & (2)." DE #70, at ¶ 51. Further, the Sixth Circuit explicitly suggested reassessment of Potter's prior predicate convictions as proper ACCA predicates. DE #72 (Sixth Circuit Order), at 2 ("In light of *Johnson*, further proceedings are necessary to determine whether Potter's prior convictions for burglary (Georgia), obstruction of an officer (Georgia), and aggravated assault (Tennessee) fit within the definition of 'violent felony' under the ACCA.").

Finally, the Court notes that, in this habeas context, while it "is not bound to accept the Government's concession," *Orloff v. Willoughby*, 73 S. Ct. 534, 537 (1953), doing so "would not involve the establishment of any precedent." *Casey v. United States*, 72 S. Ct. 999, 999 (1952) (*per curiam*); *see also Al Bahlul v. United States*, 767 F.3d 1, 18 (D.C. Cir. 2014) (*en banc*). Accepting the United States's concession here should not "be understood as [the Court] remotely intimating in any degree an opinion on the question." *Al Bahlul*, 767 F.3d at 18.[3] Indeed, "the merits of [a] claim are neither jurisdictional nor unwaivable, and the government may therefore abandon them as it sees fit." *Maxwell v. United States*, 617 F. App'x 470, 473 (6th Cir. 2015) (alterations omitted) (accepting the Government's concession of *Strickland* error in a § 2255 case "as disposing of the merits of the ineffectiveness claim"); *see also Allen v. Parker*, 542 F. App'x 435, 436 (6th Cir. 2013) (concluding that a court "may" accept a state's concession in a § 2254 case despite the "serious dilemma" perhaps created by the concession "of an unmeritorious" habeas claim leading to "granting a writ where it is

---

[3] In fact, to the contrary—the Court sees significant issues with applying *Mathis* retroactively to cases on collateral review. *Compare, e.g.*, *Lacy v. United States*, Nos. 16-CV-124-ODS, 09-CR-389-ODS, 2016 WL 4528965, at *2 (W.D. Mo. Aug. 30, 2016) ("[T]he Court rejects the Government's argument that *Mathis* should not be applied retroactively."), *with Leone v. United States*, ___ F. Supp. 3d ___, Nos. 16-22200-CIV-LENARD/WHITE, 95-960-Cr-Lenard, 2016 WL 4479390, at *10 (S.D. Fla. Aug. 24, 2016) ("*Mathis* do[es] not apply retroactively to second or successive Section 2255 motions."); *see also Dawkins v. United States*, ___ F.3d ___, No. 16-2683, 2016 WL 3854238, at *2 (7th Cir. July 15, 2016) (denying authorization to file a second or successive § 2255 motion because "*Mathis* did not announce [a new rule of constitutional law, made retroactive by the Supreme Court]; it is a case of statutory interpretation"). Here, if the residual clause of the ACCA was part of the basis for applying § 924(e), and if *Johnson*'s effect thus reopens the door to reappraisal of the predicates (as the Sixth Circuit suggested in authorizing the petition), then making such reassessment in light of *Mathis* is, at least, plausible. The resentencing process should hash out the merits of these issues more thoroughly via normal adversarial testing. The status of the other predicates, and the possible persisting application of the Career Offender designation, remain topics of interest to the Court and significance to resentencing.

otherwise not warranted"). Even if the United States's "concession is wrong as a matter of law," the Government, "as master of its own case, may waive nonjurisdictional issues," and courts "are bound to respect such a waiver if, as here, it is done deliberately." *Allen*, 542 F. App'x at 439.[4]

The Court thus, for these reasons, recommends granting DE #73 and scheduling resentencing. To be sure, significant issues may remain on the horizon for Potter, even if the District Court agrees to resentencing.[5] To that end, the Court **RECOMMENDS** that the District Court, as part of scheduling resentencing, direct the USPO to prepare a revised or supplemental presentence report. The parties can then debate and hash out predicate status and the sentencing effects with a fresh PIR and in light of recent cases' guidance during a standard resentencing process.[6]

## III. RECOMMENDATION

For all the reasons discussed, the Court **RECOMMENDS** that the District Court **GRANT** DE #73 and resentence Potter.

\* \* \* \* \*

---

[4] Additionally, the First Circuit saw "nothing in the habeas statute that would require [it] to apply special scrutiny to a government concession on retroactivity." *Evans-Garcia v. United States*, 744 F.3d 235, 239 (1st Cir. 2014). Such concessions, according to that Circuit, "are exceedingly rare, and in any event acceptance of [them] may do more to simplify habeas review (as here) than to complicate it." *Id.* The First Circuit has expressly disavowed any need to consider "[t]he correctness of the government's concession as to *Johnson*'s impact" on a particular case. *United States v. Soto-Rivera*, 811 F.3d 53, 62 (1st Cir. 2016).

[5] To state again one example, Potter may continue to qualify as a Career Offender, even absent a basis for the ACCA enhancement. The Government has not conceded on the other predicates. The Court merely flags this as one issue for the parties to consider as the process unfolds.

[6] The Court also ordered transcription of the original sentencing proceeding to aid the District Judge and the parties in any subsequent resentencing context. DE #87 (Order).

The Court directs the parties to 28 U.S.C. § 636(b)(1) for appeal rights and mechanics concerning this Recommended Disposition, issued under subsection (B) of the statute. *See also* Rule 8(b), Rules Governing Section 2255 Proceedings for the United States District Courts. Within fourteen days after being served with a copy of this decision, any party may serve and file specific written objections to any or all findings or recommendations for determination, *de novo*, by the District Court. Failure to make a timely objection consistent with the statute and rule may, and usually does, result in waiver of further appeal to or review by the District Court and Court of Appeals. *See Thomas v. Arn*, 106 S. Ct. 466, 475 (1985); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981).

This the 9th day of September, 2016.

Signed By:
Robert E. Wier  /s/ REW
United States Magistrate Judge