UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at Pikeville)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal Action No. 7: 03-21-DCR |
| | ) | and |
| V. | ) | Civil Action No. 7: 16-41-DCR |
| | ) | |
| ANTHONY T. POTTER, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant. | ) | |

*** *** *** ***

This matter is pending for consideration of Defendant Anthony T. Potter's second motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255.  Because Potter previously sought collateral relief under § 2255, he was required to apply to the United States Court of Appeals for the Sixth Circuit for authorization to file a second or successive motion, as provided by 28 U.S.C. §§ 2244(b)(3)(C), 2255(h).  [Record No. 69]  On April 4, 2016, the Sixth Circuit authorized Potter's successive motion [Record No. 72], which was filed in the record the same day [Record No. 73].

Upon review, it is clear that Potter was not sentenced under the residual clause of the Armed Career Criminal Act ("ACCA"), which is the only basis for a claim under *Johnson v. United States*, 135 S. Ct. 2251 (2015).   Therefore, Potter's motion will be denied.

## I.

Potter's motion raises two grounds for relief.  First, Potter contends that his burglary conviction was a non-violent offense and, therefore, he did not qualify as an armed career criminal at the time of sentencing.  Second, Potter asserts that his 18 U.S.C. § 922(g) offense

-1-

for possession of a firearm should not have been considered a violent offense and, because §

922(g) is a non-violent charge, he should not have been classified as an armed career offender.

In authorizing Potter to file this successive § 2255 motion, the Sixth Circuit noted that Potter

also impliedly argues that all three of the prior convictions supporting his armed career

criminal status (i.e., burglary (Georgia), obstruction of an officer (Georgia), and aggravated

assault (Tennessee)) were erroneously counted as predicate offenses to enhance his sentence

under the ACCA. [Record No. 72]  The court noted that, in light of *Johnson v. United States*,

135 S. Ct. 2251 (2015), which invalidated the residual clause of the ACCA, and the retroactive

effect of that decision, Potter is entitled to further proceedings to determine whether these three

prior convictions "fit within the definition of 'violent felony' under the ACCA."  [Record No.

72]

Pursuant to the Sixth Circuit's order authorizing this Court to consider Potter's

proposed motion, the matter was referred to a United States Magistrate Judge for issuance of

a report and recommendation in accordance with 28 U.S.C. § 636(b)(1)(B).  Subsequently,

Magistrate Judge Robert E. Wier entered a briefing schedule, requiring the United States to

respond.  [Record No. 75]  On May 20, 2016, the government filed its response, arguing that

defendant was not entitled to the relief sought because the residual clause was not the basis for

his ACCA enhancement, and further because Potter, as part of his plea agreement, waived his

right to appeal and collaterally attack his sentence.  [Record No. 80]

Thereafter, the Magistrate Judge ordered supplemental briefing concerning whether the

Court may validly enforce a collateral attack waiver concerning a *Johnson*-based § 2255

motion, and what effect, if any, the recent holding in *Mathis v. United States*, 136 S. Ct. 2243

(2016), had on Potter's relevant prior convictions.  [Record No. 81]  In its first supplemental

brief [Record No. 83] the government stated that, in light of *Mathis*, Potter's 1999 Georgia conviction for burglary could no longer be counted as a predicate offense. The United States further asserted that, given the intervening authority, it no longer sought to enforce the collateral attack waiver and, therefore, no longer opposed resentencing. [*Id.*] In light of these concessions and to obtain clarity on the government's position regarding the retroactive effect of *Mathis*, the Magistrate Judge ordered further supplemental briefing. [Record No. 84]

In its second supplemental brief, the United States did not directly address whether *Mathis* could serve as an independent basis for a successive § 2255 petition. Rather, it contended that *Mathis* does not raise a question of retroactivity because it did not announce a "new rule" but, instead, provided "merely an application of existing law." [Record No. 86] The United States then restated its position, contending "*Mathis* clarifies that Anthony Potter's prior conviction for burglary in Georgia counted as an ACCA predicate at the time of sentencing under the residual clause rather than as an enumerated offence." And, "[b]ecause *Johnson* invalidated the residual clause and applies retroactively, Potter is entitled to resentencing." [*Id.*]

## II.

On September 9, 2016, the Magistrate Judge issued a Recommended Disposition in which he concluded, based largely on the government's concession, that Potter's motion for resentencing should be granted. [Record No. 88] Despite this recommendation, the Magistrate Judge expressed skepticism with the United States' argument regarding the retroactive impact of *Mathis*. Magistrate Judge Weir acknowledged that, it is "plausible" that predicate offenses should be reassessed in light of *Mathis*, but only where reassessment of the predicate offenses was warranted because the residual clause of the ACCA was part of the basis for applying [the

armed career criminal enhancement under] § 924(e).  [*Id.* at ftnt.3]  Magistrate Judge Wier determined that it was unclear whether the residual clause played a role in Potter's sentencing, in part, because the Presentence Investigation Report ("PSR") "unhelpfully characterizes the three at-issue predicates as 'crimes of violence in reference to § 4B1.2(a)(1) & (2).'"  [*Id.*] This apparent ambiguity, together with the government's concession, led the Magistrate Judge to recommend resentencing.  Neither party filed objections to the Recommended Disposition.

While this Court must make a *de novo* determination of those portions of a magistrate judge's recommendation to which objections are made, 28 U.S.C. § 636(b)(1)(C), "[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings." *Thomas v. Arn*, 474 U.S. 140, 150 (1985).  Nevertheless, mindful of the Court's obligation to ensure proper jurisdiction over matters before it, and coupled with the apparent ambiguity regarding whether the residual clause played a part in Potter's sentencing, the Court has examined the record *de novo*.

On review, the Court finds that the residual clause played no part in Potter's sentencing. Therefore, *Johnson* does not apply as a basis for a successive § 2255 motion.  Without *Johnson*, Potter has raised no other basis for his motion, either expressly or impliedly.  The United States is correct that *Mathis*, as a clarification of existing law, applies retroactively on direct appeal and collateral review.  *See, e.g., Whorton v. Bockting*, 549 U.S. 406, 416 (2007) (an old rule, one dictated by precedent, applies both on direct and collateral review); *Crawford v. United States*, No. 10-20269, 2016 WL 5402967, at *3 (E.D. Mich. Sept. 28, 2016) (*Mathis* was an application of existing precedent).  However, it fails to recognize that *Mathis* cannot serve as the basis for a successive § 2255 motion.  *See Dawkins v. United States*, 829 F.3d 549, 551

(7th Cir. 2016).  Without proper grounds for a successive § 2255 motion, the door is closed to considering what effect, if any, *Mathis* has on predicate convictions.  *See, e.g., Leone v. United States*, No. 16-22200-CIV, 2016 WL 4479390 (S.D. Fla. Aug. 24, 2016).  The United States appears to argue that, because of *Mathis*, Potter has a legitimate *Johnson* claim and, therefore, is entitled to resentencing.  But that approach puts the cart before the horse and must be rejected.  Because Potter cannot point to a new rule of constitutional law made retroactive which, in the first instance, entitles him to the present motion, he cannot seek potential relief under *Mathis.*

### III.

On September 5, 2003, Potter pleaded guilty to two counts of distributing cocaine and aiding and abetting in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2, possessing with intent to distribute methamphetamine and aiding and abetting in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2, and being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1).  He was sentenced by this Court on December 15, 2003, as an armed career criminal to serve 225 months of imprisonment followed by five years of supervised release.  *See* 18 U.S.C. § 924(e) and USSG §4B1.4.  Potter did not object to the calculation of his guidelines range, including his designation as an armed career criminal.

To be sentenced as an armed career criminal under 18 U.S.C. § 922(g) (the "felon-in-possession statute"), a defendant must have three prior convictions for serious drug offenses or "violent felonies" as defined by § 924(e).  According to the PSR prepared by the United States Probation Office, Potter had three prior qualifying convictions.  These included a 1999 Georgia burglary conviction, a 1999 Georgia conviction for obstruction of an officer, and a 2000 Tennessee conviction for aggravated assault.  Because the definition of "violent felony"

has narrowed in the wake of the Supreme Court's 2015 *Johnson* decision, the Sixth Circuit authorized this motion to determine whether Potter's previous convictions fell within that part of the definition which is now void. A review of the materials before the Court at the time of sentencing, including Potter's state court indictments, makes clear that Potter's previous convictions were violent felonies under the enumerated and use-of-force provisions of the ACCA, and not the now-voided residual clause.

Potter's first predicate conviction was under Georgia's burglary statute. Burglary is an enumerated offense under § 924(e). However, for a burglary conviction to count under the enumerated clause (rather than the residual clause) the conviction must comport with the "generic" definition of burglary. *Taylor v. United States*, 495 U.S. 575 (1990). As contemplated in *Taylor* (and the subject of substantial caselaw development in the years following Potter's sentencing), many state statutes go beyond the "generic" definition of burglary.

According to *Taylor*, "generic" burglary amounts to "an unlawful or unprivileged entry into, or remaining in, a building or other structure, with intent to commit a crime." 495 U.S. at 598. The Georgia burglary statute as it existed at the time of Potter's 1999 conviction went beyond the generic definition. Specifically, it provided that:

> A person commits the offense of burglary when, without authority and with the intent to commit a felony or theft therein, he enters or remains within the dwelling house of another or any building, vehicle, railroad car, watercraft, or other such structure designed for use as the dwelling of another or enters or remains within any other building, railroad car, aircraft, or any room or any part thereof.

Off. Code of Ga. § 16-7-1(a) (1999). *Taylor* took account of such broader statutes by providing that courts may look to the offense charged to see if the charge cabined the conduct such that it would fall within the generic definition. Specifically, *Taylor* held:

> [f]or example, in a State whose burglary statutes include entry of an automobile as well as a building, if the indictment or information and jury instructions show that the defendant was charged only with a burglary of a building, and that the jury necessarily had to find an entry of a building to convict, then the Government should be allowed to use the conviction for enhancement.

495 U.S. at 602. This is known as the modified categorical approach, under which a court may examine whether the statute is divisible and, if so, whether the defendant was convicted under the part of the statute which comports with the generic definition.

The Georgia burglary statue has been found to be divisible. *See, e.g.*, *United States v. Harris*, 569 F. App'x 839, 841 (11th Cir. 2014). As evidenced in the PSR, the Court followed *Taylor* by looking to Potter's state court indictment to which Potter pleaded guilty.[1] Specifically, the PSR notes that, "[r]eview of the indictment states that, on February 18, 1999, the defendant unlawfully entered the residence of Marcus Stockburger." [Record No. 40, p. 22 ¶82]

Admittedly, the term "residence" is vague, as a "residence" could include a vehicle used as a dwelling. However, review of the state court indictment obtained by the United States Probation Office shows the exact language of the indictment to be:

> IN THE SUPERIOR COURT OF SAID COUNTY, THE GRAND JURORS SELECTED, CHOSEN AND SWORN FOR SAID COUNTY, TO-WIT: [listing grand jurors] IN THE NAME AND BEHALF OF THE CITIZENS OF GEORGIA, CHARGE AND ACCUSE ANTHONY POTTER with the offense of Burglary [O.C.G.A. § 16-7-1] for that the said accused, in the State and County aforesaid, on the on [sic] or about the 18th day of February, 1999, did

---

[1]    Use of an indictment to determine whether a conviction under a divisible statute qualifies as generic burglary was upheld by *Shepard v. United States*, 544 U.S. 13 (2005).

unlawfully, without authority and with the intent to commit a theft therein, enter the dwelling house of Marcus Stockburger located at [street address], contrary to the laws of said State, the good order, peace and dignity thereof.

Felony Indictment, Superior Court, Cartoosa County, GA Case No. 99-CR-854.

Because the crime for which Potter was indicted and pleaded guilty (i.e., unlawful entry into a dwelling house with the intent to commit a theft therein) fits the generic definition of burglary (i.e., an unlawful or unprivileged entry into, or remaining in, a building or other structure, with intent to commit a crime, and was punishable by a sentence exceeding one year), Potter's burglary qualified in 2003 as an enumerated burglary predicate.  And because it qualified as an enumerated offense and there was no discussion of the residual clause in the PSR or the record, there is no basis for finding that the Potter was sentenced under the residual clause.

Likewise, there is no basis for finding that Potter's 1999 Georgia conviction for obstruction of an officer was considered under the residual clause.  The Georgia statute for obstruction of an officer contains both misdemeanor and felony provisions, with separate elements for each.  Specifically, Off. Code of Ga. § 16-10-24 (b) (1999) states:

> Whoever knowingly and willfully resists, obstructs, or opposes any law enforcement officer, prison guard, correctional officer, probation supervisor, parole supervisor, or conservation ranger in the lawful discharge of his official duties *by offering or doing violence to the person of such officer or legally authorized person* is guilty of a felony and shall, upon conviction thereof, be punished by imprisonment for not less than one nor more than five years.

(italics added).

As the government asserted in its response [Record No. 80], because a necessary element of this offense is "the use, attempted use, or threatened use of physical force against the person of another," it qualifies as a use-of-physical-force predicate under § 924(e).  And

because *Johnson* had no bearing on the use-of-force predicate, this conviction for which Potter pleaded guilty, remains a valid predicate.

Finally, Potter's 2000 conviction for aggravated assault in Tennessee also counted as a use-of-physical-force violent felony.  The Tennessee statute includes alternate elements, some of which are misdemeanor and some of which are felony offenses.  Potter was charged in Count 4 of the indictment, alleging that he "did unlawfully, intentionally, or knowingly cause Clinton Haley (an officer of the Chattanooga Police Department) to reasonably fear imminent bodily injury by use of a deadly weapon." [Record No. 40, p. 24 ¶84]  This falls under the Tennessee statute which constitutes a Class C felony to intentionally or knowingly use or display a deadly weapon in causing another to reasonably fear imminent bodily injury.[2]  Therefore, Potter's conviction under Count 4 of the indictment qualifies as a predicate conviction for having as an element "the use, attempted use, or threatened use of physical force against the person of another."  18 U.S.C. § 924(e).

## IV.

Potter is not entitled to relief under *Johnson v. United States* because he was not sentenced under the residual clause.  The Sixth Circuit's decision authorizing this Court to

---

[2] Under Tenn. Code § 39-13-101 (2000):
(a) A person commits assault who:
(2) Intentionally or knowingly causes another to reasonably fear imminent bodily injury.

Under Tenn. Code § 39-13-102 (2000):
(a) A person commits aggravated assault who:
(1) Intentionally or knowingly commits an assault as defined in § 39-13-101 and:
(A) Causes serious bodily injury to another; or
(B) Uses or displays a deadly weapon.
…
(d) Aggravated assault under subdivision (a)(1) or subsection (b) or (c) is a Class C felony.

consider the second or successive § 2255 motion was based only on a *prima facie* showing that the defendant had a valid claim.  It is the responsibility of this Court to fully consider the claim and dismiss it when necessary.

"A district court shall dismiss any claim presented in a second or successive application that the court of appeals has authorized to be filed unless the applicant shows that the claim satisfies the requirements of this section." 28 U.S.C. § 2244 (b)(4).  By reference to § 2255, § 2244 provides that only new rules of constitutional law made retroactive to cases on collateral review by the Supreme Court can be the basis for successive habeas petitions.  Because this Court finds no basis for the successive petition under § 2255, the analysis ends there.  Had Potter been sentenced under the residual clause, he would be entitled to relief.  However, a review of the record and other documents considered at Potter's sentencing demonstrates that his ACCA designation was not based on the residual clause.  Finally, under the reasoning of the government's supplemental filing, *Mathis* would be the basis for this § 2255 petition, not *Johnson*.  The statute does not authorize such a petition.

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing § 2255 Proceedings, and 28 U.S.C. § 2253(c), the Court will deny a Certificate of Appealability.  Under *Slack v. McDaniel*, 529 U.S. 473, 478 (2000),  Potter must show "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  Because no jurist of reason would debate the Court's procedural ruling, denial of a Certificate of Appealability is appropriate.  Accordingly, it is hereby

**ORDERED** as follows:

-10-

1.      The Magistrate Judge's Recommended Disposition [Record No. 88] is **REJECTED**.

2.      Petitioner Anthony T. Potter's second motion to vacate, set aside, or correct his sentence, pursuant to 28 U.S.C. § 2255 [Record No. 73] is **DENIED**.

3.      The Clerk of the Court is **DIRECTED** to file the documents referenced in this Memorandum Opinion and Order regarding Potter's prior qualifying state convictions.  The documents shall be filed under seal, but available to the parties and their counsel.

This 20th day of October, 2016.

Signed By:

*Danny C. Reeves*   DCR

**United States District Judge**